FILED

MIDDLE DISTRICT OF FLORIDA

2016 JUL 26 AM 8: 39

JACKSONVILLE DIVISION

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

WILLIAM T. MORRISON, JR.,

Plaintiff,

Vs.

Case No. 3:15-cv-588-BJD-JBT

SEC., JULIE JONES,

MONROE BARNS,                               Jury Trial Demanded

RANDY L. POLK,

KEITA PETERSON,

TAVIA FYRE,

BRENDA ANDERSON,

J.J. FIELDS,

Defendants.

_____/

**AMENDED COMPLAINT**

Plaintiff William T. Morrison, Jr., pro-se for his Complaint against the above listed parties hereby states the the following in support thereof:

1. Pursuant to 28 U.S.C. §1331, §1343, 42 U.S.C. §1983, Plaintiff brings this lawsuit to recover loss, costs, and

1

attorney fees incurred, if applicable as a result of Defendants breach of duty in preforming their duties, both in their official and individual capacities.

2. Plaintiff also seeks recovery in neglect, fraud and tort against Defendants, both in their official and individual capacities.

## PARTIES

3 Plaintiff is a federal prisoner (no-longer a Florida State prisoner) confined in United States Penitentiary, Leavenworth, KS., hence his place of residence.

4. Florida Department of Corrections, Secretary, Julie Jones is a person who, at all relevant times, was domiciled in the State of Florida and within the Middle District of Florida.

5. Monroe Barns is a person who, was the Warden of Columbia Correctional Institutiln and, at all relevant times, was domiciled in the State of Florida and within the Middle District of Florida.

6. Randy L. Polk is a person who, was the Assistant Warden of Columbia Correctional Institution and, at all relevant times, was domiciled in the State of Florida and within the Middle District of Florida.

7. Keita Peterson is a person who, was a Lieutenant at Columbia Correctional Institution and, at all relevant times, was domiciled in the State of Florida and within the Middle District of Florida.

8. Tavia Fyre is a person who, was the mail room supervisor

at Columbia Correctional Institution and, at all relevant times, was domiciled in the state of Florida.

9. Brenda Anderson is a person who, was the mail room employee at Columbia Correctional Institution and at all relevant times, was domiciled in the State Of Florida.

10. J.J. Fields is a person who, was a Sgt. at the Columbia Corrections Institution and at all relevant times, was domiciled in the state of Florida.

## JURISDICTION AND VENUE

11. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331, and 1343 because this case involves federally guaranteed civil rights violations, and pursuant to 42 U.S.C. § 1983, 1985, 1986, 1988, because the parties actions of neglect to prevent the conspiracy to interfere with Plaintiff's rights to access the courts, due process, and equal protection of law in preforming their duties under the color of state law; retaliation; impeding Plaintiff's rights to access the courts; equal protection of law, and due process.

12. Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claims occurred in the Middle District of Florida, pursuant to 28 U.S.C. § 1391.

## FACTS

13. Plaintiff was a prisoner in the care custody and control of the Florida Department of Corrections (FDOC) during the time this incident occurred on Aug.8, 2012, **(Plaintiff is no longer an FDOC Prisoner.)**

14. Plaintiff's Missouri State Postconviction, Rule R.S.Mo. 29.15 pleading, (hereafter referred to as Form 40) was due filed in the Lafayette County Missouri Circuit Court in Lexington MO. on Aug. 14, 2012 in Case No.: 12LF-CV-00885.

15. R.S.Mo. Rule 29.15 requires the Form 40 pleading be notarized before mailing and/or filing in the Missouri State Courts.

16. Plaintiff's Form 40 pleading was completed, copied and ready for mailing on or before Friday, Aug.3, 2012.

17. Defendants Columbia Correctional Institution-Annex, Institutional Policy and Procedure only allowed for outing inmate legal documents to be notarized on Wednesdays.

18. Plaintiff proceeded to the center gate area at Columbia C.I. on Friday, Aug. 03, 2012 and requested permission to obtain notary and legal mail services, but was told by Defendant Sgt. J.J. Fields that notary services were only provided on Wednesdays and if he heard of, or caught Plaintiff asking to obtain notary services again before Wednesday, Sgt. Fields would personally have Plaintiff locked in confinement for disobeying a verbal order.

19. Plaintiff explained to Sgt. Fields that he had a pending

4

legal deadline in the Missouri State Courts that had to be met by Aug. 14, 2012. Sgt. Fields again ordered Plaintiff out of the center gate area and threatened to have Plaintiff locked in confinement if he continued seeking notary service before Wednesday.

20. Defendant Fields loudly and proudly told Plaintiff that he had discussed Plaintiff's "grievance writing ass" with Assistant Warden Polk in great detail, and if Defendant Fields and Polk have their way they would see to it Plaintiffs Missouri state petition never gets notarized and mailed.

21. Because of the Defendants (FDOC Sec. Jones, Warden Barns, and/or R.L.Polk) Wednesday ONLY notary policy, Plaintiff was unable to hand his Form 40 pleading over to Defendant Peterson for notary and legal mail services until Wednesday Aug. 8, 2012.

22. Plaintiff did hand his Form 40 pleading over to Defendant Peterson for notary and legal mail services on Aug. 8, 2012, apprising her of Sgt.Fields actions, described in 17-20 of this complaint and making her aware of the Aug.14, 2012 deadline.

23. Defendants FDOC Florida Administrative Code (FAC) Chapter 33-210.102 (8)(h) mandates that Plaintiff's outgoing legal mail be forwarded to U.S.Postal Services for mailing within "24" hours of Defendants receipt of said mail.

24. Defendants Polk, Peterson, Frye, Anderson, and Fields conspired and/or with deliberate indifference failed to turn over Plaintiff's notarized Form 40 pleading to U.S. Postal Services

within "24" hours as their rule required. Instead did not turn the Form 40 pleading over to U.S. Postal Services until some "5" days later on Monday Aug. 13, 2012.

25. Because the Plaintiff's notarized pleading was not turned over to the U.S. Postal Services until Monday Aug. 13, 2012, Plaintiff's pleading did not reach the Lafayette County Circuit Clerk's Office until Aug. 15, 2012, **one day past the Aug. 14, 2012 deadline.**

25. The State of Missouri does not recognize the "prison mail box rule" established in Houston v. Lack, 487 U.S. 266, 270-71 (1988). Therefore Plaintiff's Form 40 pleading was denied as 'un-timely' filed and dismissed with prejudice by the Missouri State Courts.

26. Plaintiff's Form 40 pleading contained a total of '18' meritorious grounds. Several of these grounds were jurisdictional and had the Missouri State Court received Plaintiffs Form 40 pleading timely, Plaintiffs judgment and sentence would have been vacated by the Missouri State Courts on jurisdiction alone, not to mention the gross incompetence of trial counsel.

27. Defendant Polk "denied" Plaintiff's FDOC meritorious formal grievance at the Institutional level even though he admits and/or concedes in his response that the required time frames were not met according to FAC 33 legal mail rules, and the Form 40 was not handed over to U.S.Postal Services timely.

28. Plaintiff exhausted his FDOC grievance remedies with his grievance being 'APPROVED' at the highest level.

29. Defendant's Polk, Frye, Anderson, and Fields all had previous encounters with Plaintiffs legal mail issues, i.e. opening Attorney / Client legal mail out of Plaintiff's presence contrary to FAC 33-210.102, and several U.S. Supreme Court decisions.

30. Plaintiff's FDOC prison sentence terminated on Nov. 30, 2015, and he is no-longer a prisoner for purposes of this FDOC matter or Civil Complaint.

31. Plaintiff did timely notify the Florida Department of Financial Services, General Counsels Office with his Notice of Intent to Litigate against the defendants.

32. Plaintiff did not receive a response from the Florida Department of Financial Services, or the defendants after allowing the '180' days to elapse before filing suit incompliance with the applicable statute.

33. All named defendants have 'waived' any and all immunity defenses by their non-response to Plaintiff's properly certified/registered mail, return receipt requested, Notice of Intent to Litigate in accordance with Florida Statute §768.28 et seq. regarding this matter.

### COUNT I- DEFENDANTS JONES,BARNS AND POLK
### FOR THE INSTITUTIONAL NOTARY RULE

34. Paragraphs 1 through 33 of this Complaint are adopted herein by reference as though fully set forth.

35. Defendants owed Plaintiff a duty of care to oversee and/or supervise the operation of Columbia C.I., and it's staff and afford Plaintiff access to the court, equal protection of law, due process, and right to redress grievances free from retaliation.

36. By Jones, Barns and Polk creating and adhering to a local, Columbia C.I. Institutional policy of only allowing inmates to notarize outgoing legal documents on Wednesdays, caused Plaintiff's legal pleading to be received late in the Missouri courts.

37. Defendants made material representations in FDOC memorandums, e-mail, facsimile, and other documents creating the local, Columbia C.I. Wednesday "ONLY" Inmate Notary Service.

38. By Jones, Barns and Polk failure to create and enforce an exception to the Wednesday only inmate notary policy that would allow Inmates with crucial legal deadlines to obtain notary service any weekday if necessary, did violate Plaintiffs constitutional rights to access the courts, due process, and equal protection of law.

39. Defendants failure to follow the standard FDOC rules and policy implemented by FDOC Central Office dealing with Inmates accessing notary and Legal mail services also caused Plaintiffs mail to be received un-timely in the Missouri Courts.

WHEREFORE, Morrison demands judgment in his favor against Defendants for at least $ 750,000.00 in damages and the cost of this suit, including interest, reasonably attorneys' fees and

punitive and nominal damages.

### COUNT II: DEFENDANT FIELDS DELIBERATE INDIFFERENCE AND RETALIATORY ACTIONS

40. Paragraphs 1 through 39 of this Complaint are adopted herein by reference as though fully set forth.

41. Defendant Fields had previously hounded, harassed, and threatened Plaintiff of committing violent acts upon him coupled with placement in confinement on numerous occasions to include ordering Plaintiff locked in confinement related to legal mail.

42. Plaintiff and Defendant Fields had a very extensive past to include Plaintiff writing volumes of grievances on Sgt. Fields for making racial comments about other inmates and staff members, threats of violence and retaliatory actions against Plaintiff.

43. Plaintiff went as far as to prepare an Order of Protection/Injunction to file in the Leon County Circuit Courts seeking protection from Fields. However the Columbia C.I. Administration promised to bring Fields behavior under control if Plaintiff agreed not to file the Injunction.

44. Defendant Fields threats and actions to punish Plaintiff, as described in 17-20 of this complaint for attempting to obtain notary service on or around Aug. 3, 2012 did violate Plaintiffs Constitutional rights to access the courts, due process, equal protection, and free speech.

45. Defendant Fields also conspired with Defendants Polk, Peterson, Frye, and Anderson in not adhering to the clearly established FAC 33 outgoing legal mail rule, and not timely

handing over Plaintiff's Form 40 legal pleading to U.S. Postal Services for mailing to the Missouri Courts, causing it to be received un-timely.

WHEREFORE, Morrison demands judgment in his favor against Defendants for at least $750,000.00 in damages and the cost of this suit, including interest, reasonable attorney's fees and punitive damages.

### COUNT III: DEFENDANT'S POLK, PETERSON, FRYE, ANDERSON, AND FIELDS COLLECTIVELY AND INDIVIDUALLY CONSPIRED TO RETALIATE AGAINST PLAINTIFF

46. Paragraph 1 through 45 of this complaint are adopted herein by reference as though fully set forth.

47. Defendants, Polk, Peterson, Frye, Anderson, and Fields were all well aware of Plaintiffs Form 40 legal deadline of Aug. 14, 2012.

48. When Plaintiff was finally able to obtain notary and legal mail services on Wednesday Aug. 8, 2012 from Defendant Peterson, and she logged the notary and legal mail service and took possession of Plaintiffs Form 40 pleading. There is no doubt Plaintiff lost control over the destiny of that pleading.

49. Once Defendant Peterson took possession of Plaintiff's Form 40 pleading, she then became responsible to assure said pleading was handed over to U.S. Postal Services within "24" hours as FAC 33 required.

50. However, because of Defendant Polk and Fields devised plan to make sure the Form 40 was not notarized and mailed

timely, as Fields had earlier warned. Once Defendant Peterson handed Plaintiff's Form 40 pleading over the mail room employee's, Defendant's Frye and Anderson, they did not timely process the parcel because of being part of Polk and Fields pre-planned conspiracy not to timely mail Plaintiffs Form 40 pleading.

51. WHEREFORE, Morrison demands judgment in his favor against Defendants Polk, Peterson, Frye, Anderson, and Fields for at least $750,000.00 in damages and the costs of this suit, including interest, reasonable attorney fee's and punitive and nominal damages.

## COUNT IV: DEFENDANT POLK'S DELIBERATE INDIFFERENCEE IN DENYING FDOC FORMAL GRIEVANCE # 1209-251-096

52. Paragraph 1 through 51 of this complaint are adopted herein by reference as though fully set forth.

53. Plaintiff and Polk had an extensive history related to Polks failure to follow clearly established FDOC grievance policy. Plaintiff wrote numerous grievances about Polks refusal to follow clearly established FAC 33 grievance procedures.

54. Defendant Polk was allegedly trained in accordance with with FDOC Policy and FAC 33 and was issued a certificate for his alleged training in order to respond to Inmate grievances.

55. Contrary to Polks extensive grievance training, and with deliberate indifference admits FDOC err in failing to timely hand over Plaintiffs Form 40 pleading to U.S. Postal Services,

yet denies the formal grievance.

56. Polks denial of Plaintiffs Formal Grievance is not only contrary to his FDOC training and all the applicable rules its also a violation of Plaintiffs constitutional rights.

WHEREFORE, Morrison demands judgment in his favor against Defendant Polk for at least $750,000.00 in damages and the costs of this suit, including interest, reasonable attorney fee's and nominal and punitive damages.

### COUNT V: DEFENDANT JONES AND BARNS NEGLECT
### TO PREVENT CONSPIRACY

57. Paragraphs 1 through 56 of this Complaint are adopted herein by reference as though fully set forth.

58. The FDOC Secretary is ultimately responsible for the day to day operation of the Department of Corrections, to include Columbia Correctional Institution in Lake City, FL..

59. Defendant Barns is ultimately responsible for the daily operation of Columbia C.I. to include the staff's actions.

60. Defendants Barns and Jones were absolutely aware of the ongoing issues that existed concerning Defendant Fields threats, harassment and retaliatory actions against Plaintiff.

61. It was well know to Jones and Barns not only through the FDOC grievance process, also through correspondence to the Columbia C.I. Assistant Warden and Major, coupled with Defendant Fields extremely checkered FDOC employment employment records which includes numerous demotions, one of which by Warden Flowers

against inmates.

62. Defendant Jones and Barns were absolutely aware of Plaintiffs ongoing legal mail issues with Defendants Polk, Frye, Anderson, and Fields.

63. Defendant Jones and Barns neglect to prevent the conspiracy of the other named Defendants causing the "5" day delay in handing his notarized legal pleading over to U.S. Postal Services for mailing to the Missouri Courts, thus causing it to arrive at the Missouri State Court un-timely is in violation of Plaintiffs constitutional rights.

64. Because Plaintiff's legal petition did not reach the Missouri Courts in time to be considered on the merits, Plaintiff in now forced to severe "15" years in Missouri state prison without recourse. Plaintiff did exhaust his Missouri state Court remedies on the matter.

WHEREFORE, Morrison demands judgment in his favor against Defendant Jones and Barns for at least $750,000.00 in damages and the costs of this suit, including interest, reasonable attorney fee's and punitive and nominal damages.

July 20, 2016                               *William T. Morrison, Jr.*

William T. Morrison, Jr. #19480-045
United States Penitentiary
P.O. Box 1000
Leavenworth, KS. 66048
(913) 682-8700
Plaintiff / Pro-se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY under penalties of perjury pursuant 28 U.S.C. §1746 that a true and correct copy of the foregoing Amended Complaint was given to prison officials with proper postage affixed for mailing via U.S. Postal Services to the Clerk of Court, 300 North Hogan Street, Jacksonville, FL. 32202-4204 with instructions requesting electronic service to the Defendants Counsel, Christopher P. Arnold, on this 20 day of July, 2016.

William T. Morrison, Jr. #19480-045
United States Penitentiary
P.O. BOX 1000
Leavenworth, KS. 66048
(913) 682-8700
Plaintiff/pro-se