UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM T. MORRISON, JR.,

        Plaintiff,

v.                                                  Case No. 3:15-cv-588-J-39JBT

JULIE JONE, SECRETARY, et al.,

        Defendants.
_____

## ORDER

Before the Court is Plaintiff's Motion for Relief from Judgment (Doc. 72; Motion) and Plaintiff's Motion Requesting a Ruling (Doc. 73). In his Motion, Plaintiff seeks a refund of his appellate filing fee and two payments made in satisfaction of the lien assessed to proceed in this Court pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915. See Motion at 3, 4. As background, Plaintiff filed a civil rights complaint in May 2015 (Doc. 1), and the Court granted his motion to proceed in forma pauperis (IFP), assessing the $350.00 filing fee (District Court lien). See Order (Doc. 5). On September 14, 2017, the Court entered an order granting Defendants' Motion to Dismiss. See Order of Dismissal (Doc. 57). After the Court denied Plaintiff's post-judgment motion (Doc. 61), Plaintiff filed a Notice of Appeal (Doc. 62).

Plaintiff moved to proceed IFP on appeal (Doc. 67). This Court denied Plaintiff's motion, finding his appeal was not taken in good faith under Rule 24(a)(3) of the Federal Rules of Appellate Procedure and § 1915(a)(3). See Order (Doc. 69; IFP Order). However, because Plaintiff had less than $10.00 in his prison trust fund account, the Court

assessed the total $505.00 appellate filing and docketing fees. See IFP Order at 1. On April 20, 2018, Plaintiff moved for an extension of time to file a motion to proceed IFP in the Eleventh Circuit, which the Eleventh Circuit Court granted. See Motion at 2. See also General Docket, United States Court of Appeals for the Eleventh Circuit, Case No. 17-15022 (Circuit Court Docket). The Eleventh Circuit directed Plaintiff to file his motion to proceed IFP by May 21, 2018. See Circuit Court Docket. On June 7, 2018, the Eleventh Circuit dismissed Plaintiff's appeal for want of prosecution because Plaintiff failed to file a motion to proceed IFP within the time fixed by the rules. Id.

Plaintiff now seeks relief from this Court's IFP Order. See Motion at 2. He asserts he submitted a motion to withdraw his appeal to prison mailroom officials on May 18, 2018, but his motion was not received by either this Court or the Eleventh Circuit. Id. at 3. Plaintiff also states two payments totaling $52.05 were erroneously withdrawn from his prison account to satisfy the District Court lien. Id. at 4-5. As to the withdrawals to pay the District Court lien, Plaintiff states he does not know "on what authority this money was incumbered" and does not "recall . . . allowing the Court to incumber and/or take funds from his inmate trust fund account." Id. at 4. As relief, Plaintiff asks the Court to set aside its IFP Order and direct the Clerk to refund the appellate filing fee ($495.00) and the $52.05 he contends was erroneously withdrawn to pay the District Court lien. Id. at 4-5.

Plaintiff is not entitled to the relief he seeks. First, this Court properly assessed the appellate filing fee when Plaintiff filed his Notice of Appeal. See Fed. R. App. P. 3(e) (stating the triggering event for payment of the appellate filing fee is the filing of a notice of appeal). The fees related to filing an appeal are set by the Judicial Conference according to a fee schedule. See 28 U.S.C. § 1913. Item one of the fee schedule

2

prescribes a fee for docketing a case on appeal and provides "[e]ach party <u>filing</u> a notice of appeal pays a . . . fee." <u>Id.</u> (emphasis added). The fee is payable upon the "docketing" or "filing" of an appeal; payment is not contingent on whether an appellant pursues the appeal to a final resolution on the merits. <u>See</u> <u>id.</u>; <u>see also</u> <u>Porter v. Dep't of Treasury</u>, 564 F.3d 176, 179 (3d Cir. 2009) (holding a fee is payable upon filing a notice of appeal as prescribed by Rule 3(e)); <u>Orozco v. Khoshdel</u>, 290 F. App'x 648, 649 (5th Cir. 2008) (recognizing the filing fee applies for the "privilege of initiating an appeal").

Even if Plaintiff had successfully filed a motion to withdraw his appeal, he would not be entitled to a refund of the appellate filing fee. As noted, the triggering event for the assessment of the appellate filing fee was Plaintiff's filing of the Notice of Appeal. The Eleventh Circuit has not addressed the question whether an appellant is entitled to a refund if he later withdraws or voluntarily dismisses his appeal. Other courts, however, have addressed this narrow question, holding a refund is not permitted under the Rules of Appellate Procedure or the PLRA. <u>See, e.g.</u>, <u>Porter</u>, 564 F.3d at 179 ("It is of no consequence whether an appeal is voluntarily dismissed . . . appellants are not entitled to the return of their filing and docketing fees."); <u>Goins v. Decaro</u>, 241 F.3d 260, 261 (2d Cir. 2001) ("[F]ee-paying litigants have no opportunity to obtain a refund of their filing fees in the event that they withdraw their appeals."). Similarly, the Fifth Circuit has held that prisoners who proceed IFP on appeal under § 1915(a) are not entitled to a refund of their appellate filing and docketing fees if the appeal is later dismissed either by the court or voluntarily by the prisoner. <u>See</u> <u>Orozco</u>, 290 F. App'x at 649 (holding the PLRA does not entitle a prisoner to a refund of his appellate filing fee even if his appeal is dismissed as untimely); <u>Williams v. Roberts</u>, 116 F.3d 1126, 1128 (5th Cir. 1997) (recognizing the

3

appellate filing fee is to be assessed upon the filing of the appeal regardless of the disposition of the matter).

Significantly, Plaintiff had an opportunity to challenge the Court's IFP Order by filing a motion to proceed IFP on appeal in the Eleventh Circuit. See Fed. R. App. P. 24(a)(5). Rule 24(a)(5) provides "[a] party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice" of the district court's certification that the appeal is not taken in good faith. The Advisory Committee Notes explain Rule 24(a)(5) provides litigants an avenue through which to challenge the district court's denial of a motion to proceed IFP. The relevant note provides, "[t]he final paragraph [subdivision (a)(5)] establishes a subsequent motion in the court of appeals, rather than an appeal from the order of denial or from the certification of lack of good faith, as the proper procedure for calling in question the correctness of the action of the district court." Id. advisory committee's note to 1967 adoption. Plaintiff chose not to file a motion to proceed IFP on appeal, resulting in the Eleventh Circuit's dismissal of the appeal for want of prosecution. See Circuit Court Docket. Accordingly, Plaintiff is not entitled to a refund of the appellate filing and docketing fees.

Second, with respect Plaintiff's request for reimbursement of the fees withdrawn from his prison account to pay the District Court lien, his Motion lacks merit. When he filed his complaint, Plaintiff moved to proceed IFP in this Court by filing an affidavit of indigency under § 1915 (Doc. 2). The Court granted Plaintiff's motion to proceed IFP and assessed the $350.00 filing fee in compliance with § 1915(b). See Order (Doc. 5). Under § 1915, a prisoner proceeding IFP is obligated to "pay the full amount of a filing fee," which is paid by "[t]he agency having custody of the prisoner . . . [by] forwarding payments

4

from the prisoner's account to the clerk of court each time the amount in the account exceeds $10." See § 1915(b)(1), (b)(2). The Court advised Plaintiff in its order that "he is ultimately responsible for payment of the filing fee," even if he is transferred to a different institution. See Order (Doc. 5) at 2. A review of this Court's docket shows that no payments were made in satisfaction of Plaintiff's District Court lien until March 27, 2018.[1] See docket. On that date, the Court received $40.05 toward payment of the $350.00 lien. The Court received another payment on April 10, 2018 in the amount of $12.00. These are the fees Plaintiff disputes in his Motion. Because the fees were properly withdrawn from Plaintiff's account in satisfaction of the District Court lien and in compliance with the Court's order (Doc. 5), Plaintiff is not entitled to the relief he seeks.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion for Relief from Judgment (Doc. 72) is **DENIED**.

2. Plaintiff's Motion Requesting a Ruling (Doc. 73) is **GRANTED** to the extent the Court rules on Plaintiff's Motion for Relief from Judgment in this Order.

3. The Court directs the **Clerk** to send Plaintiff a copy of its May 27, 2015 Order granting Plaintiff's motion to proceed IFP in this Court (Doc. 5).

---

[1] The Court did not collect an initial partial filing fee when it granted Plaintiff's motion to proceed IFP because Plaintiff had less than $10.00 in his prison trust fund account when he filed his motion. See Order (Doc. 5). To the extent Plaintiff does not recall filing a motion to proceed IFP or this Court's order granting his motion, the Court will direct the Clerk to send him a copy of its order.

5

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of April, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
William T. Morrison, Jr.
Counsel of Record